[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
The petitioner was convicted after a trial by jury of Robbery 1st in violation of Connecticut General Statute53a-134 (a)(2) and Attempted Assault 1st in violation of Connecticut General Statute 53a-49, 53a-59 (a)(1). The trial court imposed a sentence of fifteen years execution suspended after ten years with three years probation on the Robbery count and eight years concurrent on the Attempted Assault count for a total effective sentence of fifteen years executed after serving ten years with three years probation.
The record shows that the Bridgeport police were dispatched to an armed robbery complaint to a local bar. It was found that three armed black males entered the bar and began a systematic robbery of the patrons and the cash register. Some of the victims had a gun put to their head and were robbed of money and personal possessions. An off-duty Bridgeport policeman was one of the patrons and unnoticed he slipped out the bar while the robbery was in progress. Once outside, he stationed himself behind a telephone pole across the street from the bar's exit. When the petitioner left the bar, he exchanged gun fire with the officer and was hit in the foot by a bullet. Based upon a trail of blood, the petitioner was found in a basement close to the scene of the crime.
At the hearing, counsel for the petitioner emphasized that the petitioner was only sixteen years old when this crime was committed. He noted that father died when he was young and he was basically brought up without his mother being present in the family home. Counsel felt that the petitioner was without guidance when he was maturing and fell prey to the mesmerizing effects of drugs. Counsel pointed out to the panel that this was the petitioner's first "real" incarceration and that his client was truly remorseful for his involvement in these criminal acts.
The petitioner, when he spoke to the panel, indicated that what he did he knew was wrong; that he truly regretted his actions and that he "wished another chance at society." CT Page 2540
The attorney for the state indicated that all the victims of the robbery suffered through a terrifying experience and asked the trial court to impose the maximum sentence allowed by law. She argued that the petitioner had prior experience in the criminal system and that he was not led astray, indicating he made an individual choice to exchange gunfire with an identified police officer. The sentencing court knew the age of the petitioner when he was sentenced and that the petitioner was convicted of two crimes, one of which was a B felony that carried a twenty year maximum. Counsel felt that the sentence given to the petitioner was appropriate and urged this panel to affirm.
In the remarks of the sentencing judge, he noted the age of the petitioner and how serious the offenses were and commented on the fact that the petitioner shot at the police officer attempting a lawful arrest. In light of the petitioner's dangerous course of conduct, the court properly considered the high range of sentence as punishment. This panel concludes that when examining the sentence imposed under the mandates of P.B. 942, the sentence imposed here was not inappropriate or disproportionate in light of the offense, the inability of the petitioner to control himself in society and the need to protect the public from such dangerous conduct. SENTENCE AFFIRMED.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision. CT Page 2541
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2542